IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANEL HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-210 (MN) |
| | ) |
| LIEUTENANT JUSTIN ATHERHOLT, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Anel Hubbard, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

July 1, 2020
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

I. **INTRODUCTION**

Plaintiff Anel Hubbard ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Plaintiff seeks injunctive relief. (D.I. 5). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

II. **BACKGROUND**

On November 6, 2019, Plaintiff was moved to Building 19, his property was inventoried, and he was thoroughly strip searched. (D.I. 3 at 6-7). He was housed in Building 19 until December 19, 2019 and then moved to D-west. (*Id*.). Plaintiff provides a description of his limited movements to support his claim that he was wrongfully charged with having contraband as discussed below. (*Id*. at 7).

On December 30, 2019, Defendants Sgt. McKenna ("McKenna"), Cpl. Faulkner ("Faulkner"), and Cpl. Dicampli ("Dicampli") conducted a shakedown of Plaintiff's cell. (D.I. 3 at 5). Plaintiff had been housed with another inmate until his cellmate was moved from the cell approximately six hours prior to the search. (*Id*.). Plaintiff was escorted from his cell to the barbershop where Faulkner conducted a strip search. (*Id*.). Nothing was found on him. (*Id*.). Plaintiff saw McKenna walk back to join in the shakedown and saw McKenna holding something in his hand, close to his side so no one could see what was concealed. (*Id*. at 6). Plaintiff saw McKenna enter his cell and come out a moment afterwards with DiCampli and Faulkner. (*Id*.). McKenna said they had found a shank and a razor in the cell. (*Id*.). Plaintiff alleges that none of the items were found in his personal property. (*Id*. at 7).

1

Plaintiff was handcuffed and told to sit in the hallway of the front office. (*Id*. at 6). There he saw McKenna, Faulkner, and Dicampli engage in a "secretive conference." (*Id*.). Plaintiff was written up and transferred to "the hole" where he remained from December 30, 2019 to January 3, 2020. (*Id*.). The write-up referred to a confidential source. (*Id*. at 7). Plaintiff believes that he was set up by McKenna and Faulkner. (*Id*.).

A disciplinary hearing was held by Defendant Lieutenant Justin Atherholt ("Atherholt") on January 3, 2020. (*Id*. at 6). Plaintiff alleges that Atherholt asked Plaintiff to tell his side of the story, but did not give Plaintiff a chance to explain fully and refused to look at evidence that included a videotape of the approximate ten days that Plaintiff spent on the tier. (*Id*.). Plaintiff alleges the videotape would show that he had no access to obtain a shank or razor. (*Id*.). Atherholt disagreed with Plaintiff's position and found that Plaintiff could have brought the contraband with him to the tier. (*Id*.).

Plaintiff seeks injunctive and declaratory relief and would like to be returned to medium security status.

### III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d

224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint

must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**IV.     DISCUSSION**

Plaintiff's due process claim revolves around the disciplinary write-up he received, a finding of guilt, and change in classification status. He asks the Court to have the write-up taken off his record and to return him to medium status. In his motion for injunctive relief, he asks for a transfer from JTVCC to Sussex Correctional Institution. (D.I. 5). Plaintiff claims that the

contraband found in his cell did not belong to him, he was set up by Defendants who relied upon a "confidential source", the hearing officer did not listen to his position, he was found guilty, sent to the hole for five days, and is no longer classified to medium status.

The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Connor*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). State created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484).

In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d at 532 (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). With regard to the limited duration of time Plaintiff spent in "the hole", he fails to state a constitutional claim on the facts alleged. *See Fantone v. Herbik*, 528 F. App'x 123, 129 (3d Cir. 2013) (finding no procedural due process claim when inmate complained of 35 days in isolation, and the court stating, "we have held that this type confinement does not constitute an 'atypical and significant hardship' so as to trigger due process rights."); *Young v. Beard*, 227 F. App'x 138, 141 (3d Cir. 2007) (finding inmate sentenced to an aggregate of 930 days in disciplinary confinement without dayroom or telephone privileges did not constitute an atypical and significant hardship sufficient to trigger a liberty interest under *Sandin*); *Griffin v. Vaughn*, 112 F.3d at 706 (finding that fifteen months in segregation was not an atypical and significant hardship); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (stating that seven

months' disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in [*Sandin*].").

To the extent Plaintiff claims that he did not receive the procedural due process he was due, again he cannot prevail. Plaintiff alleges that Defendants relied upon a confidential source and that he was set up by McKenna and Faulkner. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002); *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (8th Cir. 1984) (holding that an allegation that prison guards planted false evidence on prisoner and then issued a disciplinary ticket in retaliation for failure to pay an extortion demand did not support a due process claim where prisoner was afforded a disciplinary hearing that comported with *Wolff*'s procedural requirements). Here, Plaintiff was afforded a hearing and given an opportunity to rebut the charges. The allegations acknowledge that he presented his position to the hearing officer, and the hearing officer had a different theory of the matter.

In addition, if "restraints on a prisoner's freedom are deemed to fall 'within the expected perimeters of the sentence imposed by a court of law,'" "then the prisoner does not have a "protected liberty interest" and the "state owed him no process before placing him in disciplinary confinement." *Mitchell v. Horn*, 318 F.3d at 531; *see also Henderson v. Kerns-Barr*, 313 F. App'x 451, 452 (3d Cir 2008) (assuming that plaintiff was not afforded the protections called for by *Wolff*, because the sanction of 90 days disciplinary confinement did not affect the inmate's release date, there was no liberty interest and, therefore, no trigger of due process rights). According to the allegations, Plaintiff spent five days in "the hole." The sanctioned amount of time does not

6

implicate a protected liberty interest. Plaintiff lacks the requisite liberty interest to implicate a due process violation. Therefore, the due process claims will be dismissed as legally frivolous.

To the extent Plaintiff raises a claim based upon his change in classification, "Delaware law provides that inmates in the prison system have no protected liberty interest in a particular housing classification or particular housing unit. Moreover, the transfer of prisoners from one housing unit to another falls within the discretion of the discretionary duties of prison officials." *See Desmond v. Phelps*, 36 A.3d 348, 2012 WL 424891, at *1 (Del. Feb. 8, 2012) (unpublished, table decision); *see also Winter v. Delaware Dep't of Justice*, 210 A.3d 733, 2019 WL 2151659, at *1 (Del. May 15, 2019) (unpublished, table decision) (denying Plaintiff's petition for a writ of mandamus compelling her transfer to a female prison). Similarly, an inmate does not have a protected liberty interest arising from the Due Process Clause to be assigned to a particular custody level or security classification. *See e.g.*, *Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (explaining that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement). Nor do inmates have a constitutionally protected interest in their custodial classification once assigned to a unit, even where the inmate alleges that the classification was erroneous. *See Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) ("[P]risoners have no constitutional right to a particular classification."); *see also Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (a prisoner does not have a basis for a civil rights complaint simply because he disagrees with a classification decision).

Because Plaintiff has no constitutional right or liberty interest in his classification, his classification claim fails. Therefore, the claim will be dismissed as legally frivolous.

Plaintiff's Complaint will be dismissed. The Court finds amendment futile.

7

**V.     CONCLUSION**

For the above reasons, the Court will: (1) deny as moot Plaintiff's combined motion for injunctive relief and request for counsel (D.I. 5); and (2) dismiss the Complaint as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1). Amendment is futile.

An appropriate Order will be entered.